# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY E. WINSLOW, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-05-443-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Rodney Winslow requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id.* §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on June 14, 1951, and was 51 years old at the time of the administrative hearing. He has a GED and previously worked as a stocker, yard worker, janitor, and convenience store clerk. The claimant alleges he has been unable to work since January 5, 1997, because of bipolar disorder.

## Procedural History

On September 10, 1998, the claimant filed an application for disability benefits under Title II (42 U.S.C. § 401 *et seq.*) and an application for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq.*). Both applications were denied. After a denial by the ALJ and the Appeals Council, the claimant appealed the decision to the United States District Court for the Eastern District of Oklahoma. On January 28, 2002, the district court reversed and remanded the case to the ALJ for further consideration. After a supplemental hearing on July 17, 2002, ALJ Lantz McClain found the claimant was not disabled in a decision dated August 26, 2002. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to lift and/or carry 20 pounds

occasionally and ten pounds frequently; stand and/or walk up to six hours in an eight-hour workday; and sit up to six hours in an eight-hour workday. The claimant was to avoid overhead work with his right arm, perform no more than simple, repetitive tasks, have no more than incidental contact with the general public, and needed to work in an air-conditioned environment (Tr. 281). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the regional and national economies he could perform, *e.g.*, office cleaner and production inspector (Tr. 282).

**Review**

The claimant contends that the ALJ erred: (i) by making improper findings at steps two and three; (ii) by failing to properly consider the opinion from the treating physician; (iii) by improperly analyzing his credibility; and, (iv) by making an improper step five determination. The Court finds no error with respect to the claimant's first three contentions. However, as part of his fourth contention, the claimant argues that the ALJ failed to account for all of his mental limitations in determining his RFC. The Court finds this argument persuasive.

The record reveals that along with his physical impairments, the ALJ found the claimant suffered from a severe mental impairment of bipolar disorder (Tr. 276). He concluded that bipolar disorder significantly affected the claimant's ability to engage in work-related activities and resulted in moderate restrictions in activities of daily living, social functioning, deficiencies of concentration, persistence, or pace, and one or two episodes of

deterioration or decompensation of extended duration (Tr. 279). The ALJ included limitations in the RFC related to the claimant's bipolar disorder, *i. e.*, the claimant was restricted to simple, repetitive tasks with no more than incidental contact with the general public (Tr. 281), and he presented those limitations (along with the claimant's physical limitations) in a hypothetical question to a vocational expert ("VE") at the administrative hearing. The VE testified that the claimant could not perform his past work with such limitations, but he could perform the light, unskilled jobs of office cleaner and production inspector (Tr. 389-90).

The ALJ did not, however, include in the RFC any limitation as to the claimant's moderate restrictions in concentration, persistence, or pace. Nor did the ALJ include such a limitation in a hypothetical question to the VE. These were important omissions because a limitation in concentration, persistence, or pace relates not only to the failure "to complete tasks in a timely manner[,]" but also to the "inability to sustain work on a regular and reliable basis" and ultimately the need for work "that does not require regular work attendance." *See Chambers v. Barnhart*, 2003 WL 22512073, at *3 (10th Cir. Nov. 6, 2003) [unpublished opinion]. *See also Wayland v. Chater*, 1996 WL 50459, at *2 (10th Cir. Feb. 7, 1996) ("[D]eficiencies in concentration . . . may well be especially disruptive of production, and perhaps even physically dangerous to the claimant and/or [his] coworkers, in the kinds of repetitive tasks typically involved in unskilled work.") [unpublished opinion]. The claimant's moderate restrictions in concentration, persistence or pace were not subsumed by the VE's determination that the claimant could perform unskilled work, *see Wayland v.*

*Chater*, 1996 WL 50459, at *2 (10th Cir. Feb. 7, 1996) ("[I]ntact mental aptitudes are not skills, but, rather, general prerequisites for most work at any skill level.") [unpublished opinion], *citing Frey v. Bowen*, 816 F.2d 508, 517-18 (10th Cir. 1987), or by the limitation for simple, repetitive tasks included in the RFC and the hypothetical question to the VE. *See, e. g., Wiederholt v. Barnhart*, 121 Fed. Appx. 833, 839 (10th Cir. 2005) ("[T]he relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings[.] . . . Because the ALJ omitted, without explanation, impairments that he found to exist, *such as moderate difficulties maintaining concentration, persistence, or pace*, the resulting hypothetical question was flawed.") [emphasis added]. Nor is there anything in the record to suggest that the VE incorporated moderate restrictions in concentration, persistence, or pace into her assessment of the work the claimant could perform. *See Wiederholt*, 121 Fed. Appx. at 839 ("[T]here is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about [the claimant's] mental impairments."). The ALJ's "failure to include [any limitations related to his finding] in his hypothetical inquiry to the [VE] . . . violated the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record." *See Evan v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) [footnote omitted].

In summary, the ALJ erred not only by failing to include limitations for moderate restrictions in concentration, persistence, or pace in the RFC, but also by failing to include such limitations in the hypothetical questions to the VE. The ALJ therefore could not rely

on the VE's opinion as substantial evidence that the claimant could perform the jobs of office cleaner and production inspector. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."), *quoting Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990). Consequently, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should: (i) include in the RFC mental limitations related to his determination that the claimant has moderate restrictions in concentration, persistence, or pace; (ii) present appropriate hypothetical questions to a VE; and, (iii) determine whether the claimant can perform any work based on all her limitations.

## Conclusion

For the reasons set forth above, the ruling of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further findings consistent with this Opinion and Order.

**DATED** this 30th day of March, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**