# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY E. WINSLOW, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-05-443-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying him benefits under the Social Security Act. In Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 15], the Plaintiff sought an award of attorneys' fees in the amount of $5,611.90 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, and requested that the EAJA fees be paid directly to his attorney. The Commissioner indicated he had no objection to an award of $5,611.90 to the Plaintiff as the prevailing party under the EAJA, but he did object to the attorneys' fees being paid directly to the Plaintiff's attorney. *See* Docket No. 16. The Court now finds that the motion should be granted insofar as it seeks an award of attorneys' fees to the Plaintiff as the prevailing party under the EAJA, but denied insofar as its seeks a court order requiring payment directly to the Plaintiff's attorney.

The Court has on various occasions addressed all of the issues raised by the Plaintiff and concluded that costs and attorneys' fees under the EAJA must be awarded to the

*prevailing party* and that it was inappropriate to order them paid directly to the plaintiff's attorney. *See Manning v. Barnhart*, No. CIV-04-021-SPS (E.D. Okla. July 1, 2005), *appeal docketed*, No. 06-7127 (10th Cir. Dec. 29, 2006); *McCormick v. Astrue*, No. CIV-04-221-SPS (E.D. Okla. April 24, 2007); *Dobbs v. Astrue*, No. CIV-06-037-SPS (E.D. Okla. June 22, 2007). *See also Ellis v. Barnhart*, No. CIV-05-223-JHP-KEW (E.D. Okla. Mar. 6, 2007); *Roberts v. Astrue*, No. CIV-06-050-KEW (E.D. Okla. April 26, 2007); *Creacy v. Astrue*, No. CIV-05-169-FHS (E.D. Okla. June 4, 2007). *But see McKee v. Astrue*, No. CIV-05-359-RAW (E.D. Okla. June 13, 2007); *Sanders v. Barnhart*, No. CIV-05-005-RAW (E.D. Okla. June 13, 2007). There is no need to reiterate the Court's reasoning of those issues here. To make a long story short, the Court concludes that the clear language of the EAJA requires that costs and attorneys' fees be awarded to the prevailing party, not his attorney. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred *by that party* in any civil action (other than cases sounding in tort)[.]") [emphasis added]. The Court finds unpersuasive the distinction other courts have made between the right to request EAJA fees and the right to receive them, *see, e. g., Willis v. Government Accountability Office*, 448 F.3d 1341, 1347 (Fed. Cir. 2006) ("Under fee-shifting statutes in general, there is a distinction between the party's entitlement to claim an award of fees and the attorney's right to receipt of fees that are awarded."), *citing United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc.,* 89 F.3d 574, 578 (9th Cir. 1996), *cert. denied sub nom. United States ex rel.*

*Virani v. Hall & Phillips,* 519 U.S. 1109 (1997) ("Similarly, in this area only the plaintiff has the power to demand that the defendant pay the fees of the plaintiff's attorney. Unless and until the plaintiff exercises that power, no one has the right to collect fees from the defendant, and the defendant has no duty to pay them. Once the power is exercised, however, the attorneys' right vests, and the defendant's duty becomes fixed.") [footnote omitted], at least insofar as this distinction is claimed to arise under the EAJA itself. *Accord, Phillips v. General Services Administration,* 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As the statute requires, any fee award is made to the 'prevailing party,' not the attorney. Thus, Phillips' attorney could not directly claim *or be entitled to* the award.") [emphasis added]. *Cf. Venegas v. Mitchell,* 495 U.S. 82, 87 (1990) ("Section 1988 makes *the prevailing party* eligible for a discretionary award of attorney's fees . . .[*I*]*t is the party, rather than the lawyer, who is so eligible*.") [emphasis added].

Of course, there are reasons quite *apart from the EAJA itself* why costs and attorneys' fees awarded to the prevailing party under the EAJA might be paid over to the prevailing party's attorney, *e. g.*, in accordance with a contingent fee agreement or assignment between the prevailing party and counsel, or in accordance with the practice between the government as payor and the attorney as agent for the prevailing party. This may happen any number of ways, *e. g.*, the money can be paid to the prevailing party (by check or direct deposit), who then turns it over to his attorney; the money can be paid to the prevailing party but delivered to his attorney (by check or by direct deposit); the money can be paid to both the prevailing party and his attorney (by check payable to both); or the money can be paid directly to the

prevailing party's attorney (by check or direct deposit). But these are matters of private agreement or practice between the parties to the various transactions; they provide no authority for the Court to order the EAJA fees paid directly to the prevailing party's attorney. *See Oguachuba v. Immigration & Naturalization Service*, 706 F.2d 93, 97-98 (2d Cir. 1983) ("Whether an award of attorneys' fees under the [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client."). The EAJA is itself silent on the issue, *i. e.*, it speaks to whom costs and attorneys' fees may be awarded, but not to whom they may be directly paid. *Cf. United States ex rel. John Doe I v. Pennsylvania Blue Shield,* 54 F. Supp. 2d 410, 421 (M.D. Pa. 1999) ("The plain language of § 3730(d)(1) requires that the court order defendant to pay reasonable attorney's fees to relators, and that is what will occur. That the court should concern itself with the final recipient of the funds is not a matter addressed by the statute.").

Accordingly, the Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 15] is hereby GRANTED to the extent it seeks an award of attorneys' fees to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded $5,611.90. The Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 15] is hereby DENIED to the extent it seeks an order of the Court directing payment of said attorneys' fees directly to the Plaintiff's attorney.

**IT IS SO ORDERED** this 6th day of July, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**